NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on <u>12/12/2024</u>

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

<u>01/11/2025</u>

Michael McGeever, Director

Department of Court Records

### COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Plaintiff(s)

**Estep, Brian**

Case Number:
**GD-24-014608**

Type of pleading:
**Complaint**

Filed on behalf of:
**Estep Brian**

<u>**Cartwright L. James**</u>
(Name of filing party)

VS

Defendant(s)

**Allegheny County,**

**Jennings, Patrick**

**Doe, John**

[X]  Counsel of Record

[ ]  Individual, If Pro Se

Name, Address and Telephone Number:
**Cartwright L. James**

**412 238**

Attorney's State ID: **334097**



EXHIBIT
1



Michael McGeever, Director
Department of Court Records

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN ESTEP | : | CIVIL DIVISION |
| *Plaintiff* | : | GD No. - 24-14608 |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| ALLEGHENY COUNTY; JOHN DOE; | : | |
| PATRICK JENNINGS | : | |
| | : | |
| | : | |
| *Defendants.* | : | Filed on behalf of Plaintiff: |
| | : | BRIAN ESTEP |
| | : | |
| **JURY TRIAL DEMANDED** | : | Counsel of Record: |
| | : | |
| | : | ANTHONY J. GIANNETTI, ESQUIRE |
| | : | Pa. Id. No. 318225 |
| | : | agiannetti@swartzculleton.com |
| | : | |
| | : | ADAM D. SHORR, ESQUIRE |
| | : | Pa. Id. No. 328007 |
| | : | ashorr@swartzculleton.com |
| | : | |
| | : | **SWARTZ CULLETON PC** |
| | : | 429 First Avenue, Suite 100 |
| | : | Pittsburgh, PA 15219 |
| | : | 412-238-7610 |
| | : | Fax: 412-200-7595 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN ESTEP | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLEGHENY COUNTY; JOHN DOE; | : | |
| PATRICK JENNINGS | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants* | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, Swartz Culleton PC, files the within Civil Action Complaint and avers as follows:

## PARTIES AND VENUE

1.    Plaintiff Brian Estep is an adult individual and resident of Allegheny County.

2.    Defendant, Allegheny County, is a duly constituted municipal authority with offices located at 436 Grant Street, Pittsburgh, Pennsylvania 15219.

3.    At all times relevant to this Complaint, Defendant John Doe was a corrections officer at the Allegheny County Jail ("ACJ"), acting in the course and scope of his employment with Allegheny County, according to the official custom and policy of Allegheny County, and under color of state law.  John Doe is a fictitious Defendant whose actual identity is unknown despite Plaintiff conducting a reasonable search with due diligence pursuant to Pa. R. Civ. P. 2005 for the actual identity of the individual.

4.    At all times relevant to this Complaint, Defendant Patrick Jennings was a police officer employed by the McCandless police department acting in the course and scope of his employment with McCandless Police Department and under color of state law.

5.    Venue is proper in Allegheny County because Plaintiff's cause of action accrued in Allegheny County.

## FACTS GIVING RISE TO LIABILITY

6.    On or about February 6, 2024, Brian Estep[1] was arrested by McCandless Police for DUI and other charges. After his arrest, he was transported by Patrick Jennings and another McCandless police officer (believed to be Todd Ray) to the Allegheny County Jail.

7.    Ray and Jennings placed Estep in handcuffs behind his back, effectively immobilizing him. Following his arrest and handcuffing, Estep posed no threat to anyone because he was immobilized.

8.    After arriving at the ACJ, Ray and Jennings transported Estep into a holding cell to be searched, while he was still handcuffed behind his back. John Doe, believed to be a corrections officer with ACJ, was present in the cell with a taser.

9.    After transporting Estep into the holding cell, Officer Jennings instructed officer Ray to leave the holding cell because Ray's bodycam was on. Or as Jennings bluntly put it: "Dude get out of here; you got your shit on."

10.    Jennings told Ray to leave the cell because Jennings and John Doe intended to violate Estep's civil rights by assaulting him while he was handcuffed.

11.    Ray left the cell but kept his body camera on. Within seconds of Ray leaving the cell, John Doe tasered Estep while Estep was handcuffed behind the back and on the ground. A video of the incident can be viewed here:

https://www.dropbox.com/scl/fi/zvyujcccor2yv11wkdqn0/ToddHart_202402060623_THart-0.mp4?rlkey=fszbj6jbjmh9pm0zeua271bz1&st=9rxsn3fe&dl=0

---

[1] At the time of this incident, Brian Estep was five feet ten inches tall and weighed only 160 pounds.

12.    While tasering Estep, John Doe taunted him by saying: "that feels good baby."

Defendant Jennings stood by and did nothing to stop the attack.



13.    At the time of the assault by Defendants, Plaintiff was restrained by handcuffs and

he posed no threat to the Defendants. The five-foot-ten one-hundred-sixty-pound Plaintiff did

not physically resist the Defendants (and could not possibly have done so because he was

handcuffed behind the back). The force used by Defendants was therefore excessive and

unreasonable.

14.    The assault was a direct result of a custom and practice of Defendant, Allegheny

County, to wit, a custom and practice of using tasers on handcuffed arrestees.

15.    At the time of the incident described in this Complaint, this custom and practice

of Defendant Allegheny County was in full force and effect and applicable to arrestees such as

Plaintiff.

16.    At all relevant times, ACJ had the highest incidence of taser and stun gun

deployments on incarcerated individuals amongst county jails in Pennsylvania, and nearly five times that of the second-highest county.

17.    ACJ's officers, routinely and without penological justification, deployed tasers against restrained arrestees at ACJ, and did so on the Plaintiff.

18.    Use of a taser against a restrained individual is a prohibited practice according to The Allegheny County Chiefs of Police Association Model Use of Force Procedures.[2]

19.    The Defendants' actions constitute a substantive due process violation, in violation of Plaintiff's right to bodily integrity and personal safety, and excessive use of force, in violation of the Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands punitive and compensatory damages against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorneys' fees on each count.

## COUNT I
### PLAINTIFF v. ALLEGHENY COUNTY
### MONELL CLAIM

20.    Plaintiff incorporates by reference paragraphs 1 through 19 as if the same were set forth herein at length.

21.    The individual defendants' aforesaid treatment of Plaintiff was without provocation and unreasonable, and was a direct result of Defendant Allegheny County's custom and practice of using tasers on restrained arrestees.

22.    Defendant Allegheny County was aware of and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies,

---

[2] Guidelines for the Use of the Conducted Electrical Weapon (CEW) state that CEW may not be used "Once a subject is incapacitated or restrained." *See* The Allegheny County Chiefs of Police Association Model Use of Force Procedures. pp. 19-20.

procedures guidelines, directives and discipline relating to restraining arrestees and use of force in general; and maintained a custom, policy or practice of failing to discipline and/or encouraging the aforesaid conduct.

23.    As the direct and proximate result of Defendant's custom and practice of tasing restrained arrestees, and the aforesaid unlawful and physical assault by the individual defendants, Plaintiff sustained serious bodily harm and was deprived of his right to bodily integrity and to be free from excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands punitive and compensatory damages against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorneys' fees on each count.

## COUNT II
### PLAINTIFF v. INDIVIDUAL DEFENDANTS
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. SECTION 1983

24.    Plaintiff incorporates by reference paragraphs 1 through 23 as if the same were set forth herein at length.

25.    The Individual Defendants' treatment of Plaintiff was without provocation and unreasonable, and was as a direct result of Allegheny County's custom and practice of using tasers on restrained arrestees.

26.    The Individual Defendants assaulted and applied excessive physical force against Plaintiff far in excess of what was reasonably necessary to achieving legitimate objectives, and did so in clear violation of Plaintiff's rights under federal law.

27.    As the direct and proximate result of the Individual Defendants' actions as

described herein, each of them committed under color of state law, Plaintiff sustained grievous

bodily harm due to the Defendants' use of excessive force, in violation of the Fourth and

Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands punitive and compensatory damages against

Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorneys' fees on each

count.

## COUNT III
### PLAINTIFF v. INDIVIDUAL DEFENDANTS
### CONSPIRACY TO VIOLATE THE FEDERAL AND STATE CIVIL RIGHTS OF THE PLAINTIFF

28.     Plaintiff incorporates by reference paragraphs 1 through 27 as if the same were set

forth herein at length.

29.     The above-described actions constitute violations, by the above-named Individual

Defendants, who conspired among themselves to deprive the Plaintiff of his state and

constitutional rights.

30.     Defendants John Doe and Patrick Jennings conspired to violate Plaintiff's right to

bodily integrity by (unsuccessfully) directing Officer Ray to turn his body camera off and to

conceal evidence of their deprivation.

31.     During Plaintiff's assault and physical attack, Defendants John Doe and Patrick

Jennings were either physically present and or deliberately absent and verbally conspired to

allow the assault of Plaintiff by Joe Doe, and/or did absolutely nothing to prevent, protect or

intervene in the attack and assault of the Plaintiff.  Defendant John Doe verbally taunted Plaintiff

during the assault.

WHEREFORE, Plaintiff demands punitive and compensatory damages against

Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorneys' fees on each

count.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

Respectfully Submitted,

**SWARTZ CULLETON PC**

By:
/s/**Adam D. Shorr, Esq.**
Adam D. Shorr, Esq.
Anthony J. Giannetti, Esq.
310 Grant Street, Suite 715
Pittsburgh, PA 15219
412-238-7610
412-200-7595 (Fax)
agiannetti@swartzculleton.com
ashorr@swartzculleton.com

Date: December 12, 2024

**VERIFICATION**

I, Brian Estep, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

x        Brian Estep